PEARSON, MJ.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NYE CAPITAL APPRECIATION PARTNERS, L.L.C., *et al.*, | ) ) ) | CASE NO. 5:08CV2834 |
| Plaintiffs, | ) ) | MAGISTRATE JUDGE BENITA Y. PEARSON |
| v. | ) ) | |
| JACKIE NEMCHIK, | ) ) | **MEMORANDUM OF OPINION** |
| Defendant. | ) | **AND ORDER** |

On December 3, 2008, Plaintiffs, Nye Capital Appreciation Partners, L.L.C., Nye Financial Group, Inc., John B.Nye, J. Randall Nye and Eric A. Nye filed the underlying action against Defendants Jackie Nemchik, Roy Malkin, James A. Johnson and Carole J. Johnson, alleging various state and federal claims stemming from Plaintiffs' loss of cash infused into a now defunct company known as ProPaint Plus Automobile Repairs, Systems & Services, Inc. ("ProPaint").[1]  Propaint was an Ohio corporation founded by Defendants Nemchik and her father James Johnson.  ECF No. 1.

On September 29, 2010, the Court granted Defendants' motions for summary judgment (ECF Nos. 34, 39) finding that Counts 1-3 and 5-9 are intertwined with the sale of securities and, as such, each was filed after the statute of limitations had expired.  The case proceeded solely on Count 4 against Defendant Jackie Nemchik.

---

[1] The parties consented to the jurisdiction of the undersigned Magistrate Judge.  ECF No. 14.

(5:08CV2834)

On October 18, 2010 the Court notified the parties of her intent to enter summary judgment in favor of the non-movant, Jackie Nemchik, relative to Count Four for the reasons detailed in the Memorandum of Opinion issued on September 29, 2010.  ECF No. 47.  The Court gave the parties fourteen (14) days from October 18, 2010 to respond pursuant to Rule 56(f) of the Federal Rules of Civil Procedure.  Plaintiff's responded by resting on their previously submitted arguments (ECF No. 48) and then filed a motion for extension of time to respond to the Court's Notice and Order.  (ECF No. 49).  Plaintiff's were given additional time, until November 19, 2010, to respond to the Court's Notice and Order.  (*See* non-document order dated November 4, 2010.)  To date, no additional filings have been made.

District courts have inherent power to *sue sponte* dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962).  Failure of a party to respond to an order of the court warrants invocation of the court's inherent power.  *See* Fed. R. Civ. P. 41(b). The Sixth Circuit has held that dismissal is an appropriate sanction pursuant to Rule 41 when there is a "clear record of delay or contumacious conduct by the plaintiff."  *Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980) (quoting *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir. 1978)).  "The key is a failure to prosecute, whether styled as a failure to appear at a pre-trial conference, failure to file a pre-trial statement . . . or failure to comply with the pre-trial order."  *Carter*, 636 F.2d at 161.

(5:08CV2834)

Upon review of the docket, no further information has been filed and no additional extensions have been requested. Therefore, the remaining Count, Count 4, is dismissed without prejudice for lack of prosecution.

IT IS SO ORDERED.

| December 27, 2010 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson<br>United States Magistrate Judge |

3